1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STATE OF WASHINGTON,

Petitioner,

v.

STEVEN M. RINDAL and DOROTHY J.
RINDAL et al.,

Respondents.

CASE NO. 2:25-cv-01347-TL

ORDER ON MOTION FOR
RECONSIDERATION

This matter is before the Court on Respondents' Motion for Reconsideration. Dkt. No. 26. Respondents Steven M. Rindal and Dorothy J. Rindal move for reconsideration of the Court's September 26, 2025, order that remanded this case to Skagit County Superior Court. Dkt. No. 25.

## I.    BACKGROUND

The Court assumes familiarity with the facts of the case. *See* Dkt. No. 25 at 1–3 (reciting factual and procedural background of this case). On September 26, 2025, the Court granted Petitioner's motion to remand (Dkt. No. 7) after finding that Respondents' notice of removal

(Dkt. No. 1) was untimely. *See* Dkt. No. 25 at 4. Pursuant to 28 U.S.C. § 1446(b)(1), a defendant "shall" file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." The Court concluded that because Respondents "did not file their notice of removal until . . . more than nine months after their deadline to do so,"[1] removal was untimely and, therefore, improper. Dkt. No. 25 at 4. As the untimeliness of the removal required remand, the Court declined to address the other bases for remand that Petitioner had asserted in its motion. *See id.* at 5; Dkt. No. 7 at 4–5. On October 6, 2025, Respondents filed the instant motion for reconsideration. Dkt. No. 26.

Respondents caption their motion as a motion for reconsideration, yet they purport to "move for reconsideration under Fed. R. Civ. P. 59(e) and 60(b)(3) . . . ." Dkt. No. 26 at 1. Motions for Reconsideration are governed by Local Civil Rule 7(h). Rule 59(e) governs motions to alter or amend a judgment, and Rule 60(b)(3) governs grounds for relief from a final judgment, order, or proceeding on the basis of fraud, misrepresentation, or misconduct by an opposing party. Respondents' motion fails under all three rules.

## II.    LEGAL STANDARD

### A.    Local Civil Rule 7(h)

"Motions for reconsideration are disfavored." LCR 7(h)(1). Such motions are ordinarily denied absent "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." *Id.* Absent such a showing, motions for reconsideration should be granted only in

---

[1] Not only did Respondents fail to file their notice of removal until nine months after the deadline, they chose to wait until after they had expended the resources of the state court and all Parties to fully litigate the case through trial and judgment in the state-court proceeding. *See* Dkt. No. 7-2 at 88–90, 95.

"highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*,
571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656,
665 (9th Cir. 1999)); *see also Inventist, Inc. v. Ninebot Inc.*, 664 F. Supp. 3d 1211, 1215 (W.D.
Wash. 2023) (noting that reconsideration is an "extraordinary remedy" and that the moving party
bears a "heavy burden" (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th
Cir. 2000))). "A motion for reconsideration 'may *not* be used to raise arguments or present
evidence for the first time when they could reasonably have been raised earlier in the litigation.'"
*Marlyn Nutraceuticals*, 571 F.3d at 880 (quoting *Kona Enters.*, 229 F.3d at 890). "Whether or
not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v.
Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003)
(citing *Kona Enters.*, 229 F.3d at 883).

**B.      Federal Rule of Civil Procedure 59(e)**

Rule 59(e) allows a party to move to alter or amend a judgment. *See United States ex rel.
Hoggett v. Univ. of Phoenix*, 863 F.3d 1105, 1107 (9th Cir. 2017). A motion to amend judgment
may only be granted where: "1) the motion is necessary to correct manifest errors of law or fact
upon which the judgment is based; 2) the moving party presents newly discovered or previously
unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an
intervening change in controlling law." *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1042 (9th Cir.
2016) (quoting *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003)
(citation altered). "[A] Rule 59(e) motion is an extraordinary remedy, to be used sparingly in the
interests of finality and conservation of judicial resources." *Kaufmann v. Kijakazi*, 32 F.4th 843,
850 (9th Cir. 2022) (citation omitted). "District courts have considerable discretion in deciding
Rule 59(e) motions." *Id.* (citation omitted).

**C.     Federal Rule of Civil Procedure 60(b)(3)**

Rule 60(b) allows a party to move for relief from "a final judgment, order or proceeding"

for one of six stated reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
> discovered evidence that, with reasonable diligence, could not have
> been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . . , misrepresentation, or misconduct by an opposing
> party; (4) the judgment is void; (5) the judgment has been satisfied,
> released, or discharged; it is based on an earlier judgment that has
> been reversed or vacated; or applying it prospectively is no longer
> equitable; or (6) any other reason that justifies relief.

"Rule 60(b)(3) permits a losing party to move for relief from judgment on the basis of

fraud, . . . misrepresentation, or other misconduct of an adverse party." *De Saracho v. Custom*

*Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000). "To prevail, the moving party must

prove by clear and convincing evidence that the verdict was obtained through fraud,

misrepresentation, or other misconduct and the conduct complained of prevented the losing party

from fully and fairly presenting the defense." *Id.* "Rule 60(b)(3) is aimed at judgments which

were unfairly obtained, not at those which are factually incorrect." *Id.* (citation omitted).

### III.     DISCUSSION

**A.     Reconsideration**

Respondents' motion fails to show manifest error, and it does not provide new evidence

that could not have been brought to the Court's attention until now. Respondents do not

coherently explain why 28 U.S.C. § 1446(b)(1)—the statutory basis for the Court's ruling—does

not apply to their notice of removal. The closest Respondents get is an assertion that "Special

appearances . . . tolled § 1446(b) until voids revealed federal questions." Dkt. No. 26 at 5.

Respondents do not explain what they mean by "voids." Respondents purport to substantiate

their assertion with myriad cases. *See id.* But their tactic of merely listing cases, along with short

1   and cryptic explanations of their relevance—e.g., "jurisdictional affidavits sans merits waiver";

2   "voids nullified trigger"; "blind to restart"; "concealed defects toll"—is unconvincing. *Id.* at 5–6.

3   As the brief goes on, Respondents double down on their rat-a-tat style, and the motion devolves

4   into a list of cases and increasingly shorter assertions of law. *See id.* at 6–8. It is one thing to

5   state "federal redress imperative," which Respondents do. Dkt. No. 25 at 8. It is quite another to

6   explain why, which Respondents don't. In short, Respondents fail to demonstrate why

7   reconsideration under Local Civil Rule 7(h) is appropriate.

8   **B.    Altering or Amending Judgment Under Rule 59(e)**

9       Rule 59(e) allows a party to file a motion to alter or amend a judgment. Because there

10  was no judgment entered in this case, Rule 59(e) does not apply here. A "judgment" includes "a

11  decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). Under 28 U.S.C.

12  § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not

13  reviewable on appeal or otherwise" except in two specific situations, both of which are

14  inapplicable here. Therefore, Rule 59 cannot be invoked to challenge this Court's remand order.

15  *See Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 230 (2007) (affirming that

16  § 1447(d) prohibits appeals of remand orders that were predicated on defects in the removal

17  procedure); *see also Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996).

18  **C.    Relief from Judgment or Order Under Rule 60**

19      Rule 60(b) allows for a party to move for relief from the final order of a court.

20  Respondents assert a fraud upon the Court. Dkt. No. 26 at 1 (citing Fed. R. Civ. P. 60(b)(3)).

21  Irrespective of the nature of the "fraud" that Respondents allege, they have not demonstrated that

22  such alleged misconduct prevented them from fully and fairly presenting their case to the Court.

23  To be sure, Respondents' motion does not come close to "prov[ing] by clear and convincing

24  evidence that the verdict was obtained through fraud, misrepresentation, or other

misconduct . . . ." *De Saracho*, 206 F.3d at 880. Moreover, this challenge should have been brought to the court that issued the judgment at issue—i.e., Skagit County Superior Court. Most problematically here, however, is that Respondents' motion does not indicate how the Court's review and analysis of the docket (*see generally* Dkt. No. 25) was prejudiced by alleged misconduct such as "AAGs' nondisclosure of oaths/bonds" and "Judge Neidzwski's unfiled oath." Dkt. No. 26 at 6. Simply put, Respondents failed to timely remove their state-court case. Nothing in Respondents' motion indicates that either Petitioner or Petitioner's representatives in this matter caused them to miss their statutory deadline.

## IV.    CONCLUSION

Therefore, Respondents' motion for reconsideration (Dkt. No. 26) is DENIED.

Dated this 17th day of October 2025.

Tana Lin
United States District Judge